Williams, J.
The county judge wrote no opinion, and we can only judge as to Ms reasons for reversal of the judgment rendered by the justice by the position assumed by counsel for respondent upon this appeal. We assume the *638 ground was the statute of limitations. It is conceded that more than six years had elapsed when the action was brought since the original employment of plaintiff by the defendant, and the performance of the labor, while six years had not elapsed since the money was received by the defendant from the executors of the deceased woman’s estate, which plaintiff claims was collected and received by defendant for her and was her money. So that if the recovery was had against defendant upon the original contract of employment, then the judgment was erroneous and was properly reversed.
The action as brought, however, enabled plaintiff to press both claims as made by her; first, that defendant was hable upon his original contract, and if she failed in that, then that defendant undertook to collect the money for her from that estate; he made the claim; the executors admitted its correctness and paid money to defendant, and she should be allowed to recover it as had and received for her. She could not maintain her claim upon the original contract because of the statute of limitations, and very likely because it was doubtful whether defendant’s employment was anything more than an employment acting as agent for and in behalf of the sick woman. However that may be, when he undertook to and did collect the money for her services from the estate, he was properly held liable therefor to the plaintiff. We must assume this was the basis of her right to recover, as determined by the jury. There was evidence to sustain the verdict upon this basis, and the findings of the jury, upon the conflicting evidence offered by the parties, should not have been disturbed by the county court. We think the judgment rendered in justice court was-right, and should not have been reversed.
The judgment of the county court should be reversed, with costs, and that of the justice affirmed.
Learned, P. J., and Lardón, J., concur.